## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Renee Barnauskas,<br>                    Plaintiff<br><br>              v.<br><br>Comenity Bank,<br><br>                    Defendant | $3:17$-$cv$-$1121$<br><br>ELECTRONICALLY FILED |

## COMPLAINT

### I.   INTRODUCTION

1.    This is an action for damages brought by an individual consumer for

violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter

"the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a

cellular telephone service using equipment regulated by the Act.

### II.   JURISDICTION AND VENUE

2.    This Court has federal question subject matter jurisdiction over this

action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 565

U.S. 368 (2012).

3.    Venue in this Court is proper in that Plaintiff resides here, the conduct

complained of occurred here, and Defendant transacts business here.

### III.   PARTIES

4.    Plaintiff is a natural person residing at 112 Old School St., Olyphant, PA

18447.

5.      Defendant, Comenity Bank, is a bank with a place of business located at

One Righter Parkway, Suite 100, Wilmington, DE 19803. At all relevant times,

Defendant placed calls to individuals in this state.

## IV.    STATEMENT OF CLAIM

6.      Plaintiff is, and at all relevant times was, a "person" as defined by 47

U.S.C. § 153(39).

7.      Defendant is, and at all relevant times was, a "person" as defined by 47

U.S.C. § 153(39).

8.      Plaintiff has a cellular telephone number that she has had at all relevant

times. Plaintiff has only used this number as a cellular telephone number, and does

not believe that it was ever ported from a wireline service.

9.      At all relevant times this phone number has been assigned to a cellular

telephone service.

### Count 1- Violation of the Act

10.    The foregoing paragraphs are incorporated herein by reference.

11.    Congress enacted the Act to prevent real harm. Congress found that

"automated or pre-recorded calls are a nuisance and an invasion of privacy,

regardless of the type of call" and decided that "banning" such calls made without

consent was "the only effective means of protecting telephone consumers from this

nuisance and privacy invasion."

12.    Defendant caused to be made an unknown number of calls to Plaintiff's cell phone number.

13.    Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

14.    Defendant's phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

15.    Defendant's phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

16.    The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

17.    These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

18.    Plaintiff initially provided consent for Defendant to contact her on her cellular telephone using an automatic telephone dialing system, an artificial voice, or a prerecorded voice.

19.     This consent was provided through a provision in a credit card agreement.

20.     However, on November 8, 2016, Plaintiff contacted Defendant and informed it that she no longer wished to receive any phone calls regarding any account.

21.     A consumer is permitted to revoke his consent under the Act. *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 274 (3d Cir. 2013)("The fact that Gager entered into a contractual relationship with Dell did not exempt Dell from the TCPA's requirements. As discussed above, she retained the right to revoke her prior express consent."); *but see Albert Reyes, Jr. v. Lincoln Automotive Financial Services,* --- F.3d ---, 2017 WL 2675363 (2d Cir. June 22, 2017).

22.     Thus, because consent was revoked, the telephone calls Defendant placed to Plaintiff were not made with Plaintiff's prior express consent.

23.     These telephone calls were placed while Plaintiff was in the United States.

24.     Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

25.     Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to

have evidentiary support after a reasonable opportunity for further investigation and discovery.

26.  For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

## V.    DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

s/ Brett Freeman
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512
Attorney for Plaintiff
Phone (570) 341-9000
Fax (570) 504-2769
Email bfecf@bankruptcypa.com